## THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **RASHAAN CARTER, for himself** | : | |
| **and all others similarly situated,** | : | **Case No. _____** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **SP PLUS CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Rashaan Carter ("Plaintiff"), by and through his undersigned counsel, hereby makes the following allegations against SP Plus Corporation ("Defendant") concerning his acts and status upon actual knowledge, and concerning all other matters upon information, belief, and the investigation of his counsel:

## NATURE OF THE ACTION

1.     Plaintiff contends that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA") by knowingly and systematically failing to pay its Valet Parkers and Valet Managers all wages owed for the extensive overtime work Defendant routinely permits, requires, and/or suffers them to perform.  Plaintiff seeks to bring his FLSA claim as a multi-state collective action under 29 U.S.C. § 216(b) and his PMWA claim as a state-wide class action under Fed. R. Civ. P. 23(b)(3).

## JURISDICTION AND VENUE

2.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 (federal question jurisdiction).

3.     This Court has subject-matter jurisdiction over Plaintiff's PMWA claim pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction), because this claim arises from the same occurrence or transaction and is so related to Plaintiff's FLSA claim as to form part of the same case or controversy.

4.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b), because Defendant's headquarters is in this District, Defendant has significant business contacts in this District, and acts and omissions giving rise to Plaintiff's claims occurred in this District and effected individuals residing in this District.

## PARTIES

5.     Plaintiff is an adult citizen of the Commonwealth of Pennsylvania who worked as a full-time Valet Parker and Valet Manager for Defendant at several hotel and casino locations in and around Philadelphia, PA from February 2023 to August 2024.  Defendant typically paid Plaintiff for a scheduled 40-hour workweek despite routinely permitting, requiring, and/or suffering him to work 45-48 hours per week. Plaintiff is personally familiar with, and was personally affected by, the policies and practices described in this Complaint.  Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  *See* Consent Form (Exhibit A).

6.     Defendant is a parking management solutions company with a principal place of business in Chicago, Illinois and more than 20,000 employees nationwide.  Through its "brands" (including Parking.com, USA Parking, Standard Parking, and Central Parking), Defendant

operates many parking facilities and provides an array of parking services, including the valet parking services at issue in this action.

## **<u>MATERIAL FACTS</u>**

7.      Defendant's Valet Parkers and Valet Managers have the same primary job duty: to provide valet parking services.

8.      Defendant unilaterally dictates and controls the terms of its Valet Parkers' and Valet Managers' employment and maintains standardized, company-wide policies, procedures, and systems that dictate and control, among other things: how they perform their work, the hours and schedules they work, how their work time is tracked, and how their wages are calculated and paid.

9.      Under Defendant's standardized, company-wide policies, procedures, and systems, its Valet Parkers and Valet Managers are routinely permitted, required, and/or suffered to work before their scheduled shift start-time, past their scheduled shift end-time, and during their 30-minute meal breaks.  As a result, although Defendant's Valet Parkers and Valet Managers are typically scheduled to work 40 hours per week, they regularly work well over 40 hours per week.

10.      Defendant knows (or should have known) its Valet Parkers and Valet Managers work overtime hours and are entitled to overtime wages, because: it is familiar with federal and state wage laws requiring overtime wages for work beyond 40 hours per week; it understands the volume of work required in the locations where it provides valet services; it sets the staffing levels in those locations; it controls and assigns its Valet Parkers' and Valet Managers' work schedules; it determines and controls the timekeeping systems and procedures used to record its Valet Parkers' and Valet Managers' work; it determines and controls the payroll policies and systems that dictate how Valet Parkers' and Valet Managers' work time is approved; it determines and controls the payroll policies and systems that dictate how Valet Parkers' and Valet Managers' wages are

calculated and paid; and it receives complaints from Valet Parkers and Valet Managers relating to unpaid overtime work.

11.     Despite knowing its Valet Parkers and Valet Managers routinely work over 40 hours per week and are entitled to overtime wages, Defendant's standardized, company-wide policies, procedures, and systems: do not maintain accurate, contemporaneous records of its Valet Parkers' and Valet Managers' actual work time for payroll purposes; do not cause Valet Parkers or Valet Managers to be paid wages for experiencing a missed or interrupted meal break; cause management or payroll employees to delete (or not approve) Valet Parkers' and Valet Managers' overtime hours; cause Valet Parkers and Valet Managers to be paid only for their scheduled, 40-hour weeks instead of for their actual work time; and provide Valet Parkers and Valet Managers with records showing their scheduled or approved hours instead of their actual work time.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff brings his claims on a collective basis pursuant to 29 U.S.C. § 216(b) for all people who worked as a full-time Valet Parker or Valet Manager for Defendant during the maximum limitations period (the "FLSA Collective").  Plaintiff reserves the right to amend this definition as necessary.

13.     Plaintiff belongs to the FLSA Collective, because he worked as full-time Valet Parker and Valet Manager for Defendant during the maximum limitations period.

14.     Although Plaintiff and the FLSA Collective members worked in different locations and in different states, this action may be properly maintained as a collective action because, among other things:

        a.      the FLSA Collective members had the same employer;

        b.      the FLSA Collective members had similar job duties;

c.      the FLSA Collective members worked under similar terms and conditions of employment;

d.      the FLSA Collective members were governed by similar timekeeping policies, practices, and systems;

e.      the FLSA Collective members were governed by similar compensation and payroll policies, practices, and systems;

f.      the FLSA Collective members were governed by similar policies, practices, and systems concerning work hours, pre-shift work, meal breaks, post-shift work, overtime hours, and overtime wages; and

g.      the FLSA Collective members received similar training with respect to their work and Defendant's policies.

15.     Plaintiff and the FLSA Collective members do not meet any test for exemption under the FLSA.

16.     Plaintiff expects the FLSA Collective, including both current and former employees over the relevant period, will include at least several thousand members.  The precise number of collective group members should be readily available from Defendant's personnel, scheduling, time, and payroll records.

## PMWA CLASS ACTION ALLEGATIONS

17.     Plaintiff brings his PMWA claim on an opt-out, class action basis pursuant to Fed. R. Civ. P. 23 for all people who worked as a full-time Valet Parker or Valet Manager for Defendant in Pennsylvania during the maximum limitations period and were not paid all wages owed for their overtime work (the "Pennsylvania Class").  Plaintiff reserves the right to amend this definition as necessary.

18.     Plaintiff is a member of the Pennsylvania Class, because he worked as a full-time Valet Parker and Valet Manager for Defendant in Pennsylvania during the maximum limitations period, and was not paid all wages owed for his overtime work.

19.     Plaintiff's PMWA claim is appropriate for class treatment because the Pennsylvania Class satisfies the requirements of Fed. R. Civ. P. 23.

20.     The Pennsylvania Class is so numerous that joinder of all its members would be impracticable.  Defendant has at least several hundred employees who fit the Pennsylvania Class definition, meaning that joining all their claims would be impracticable.

21.     Plaintiff's claims are typical of the claims belonging to Pennsylvania Class members.  Plaintiff is similarly-situated to the Pennsylvania Class members because he worked for Defendant under the common policies and procedures identified above, and was denied legally-required wages for his overtime work because of Defendant's common course of wrongful conduct.

22.     There are material questions of law or fact common to the Pennsylvania Class members because, as discussed throughout this filing, Defendant engaged in a common course of conduct that violated the Pennsylvania Class members' legal rights.  The legality of Defendant's policies will be demonstrated by applying generally applicable legal principles to common evidence.  Any individual questions Plaintiff's claims present will be far less central to this litigation than the numerous common questions of law and fact, including:

     a.     whether Plaintiff and the Pennsylvania Class members have been subjected to materially-identical timekeeping, compensation, and payroll policies;

     b.     whether Defendant maintains policies, procedures, and systems that create accurate, contemporaneous records of the Pennsylvania Class members' work time;

     c.     whether Defendant routinely permits, requires, and/or suffers the Pennsylvania Class members to start working approximately 30-40 minutes before their scheduled shift start-times each day;

     d.     whether Defendant routinely permits, requires, and/or suffers the Pennsylvania Class members to work through or during their promised 30-minute meal breaks;

e.     whether Defendant routinely permits, requires, and/or suffers the Pennsylvania Class members to continue working approximately 30-45 minutes past their scheduled shift end-times each day;

f.     Whether Defendant properly paid the Pennsylvania Class members for all hours they worked;

g.     whether Defendant denied the Pennsylvania Class members overtime premium wages the PMWA requires; and

h.     whether Defendant should be required to pay compensatory damages, liquidated damages and/or attorneys' fees and costs, or enjoined from continuing the wage and hour violations alleged in this Complaint.

23.     Plaintiff will fairly and adequately assert and protect the interests of the Pennsylvania Class, because: there is no apparent conflict of interest between Plaintiff and the Pennsylvania Class; Plaintiff's counsel have successfully prosecuted many complex class actions, including state-law wage and hour class actions, and will adequately prosecute these claims; and Plaintiff has secured adequate financial resources to ensure the interests of the Pennsylvania Class will not be harmed because his counsel have agreed to advance the costs and expenses of litigation on the Class' behalf contingent upon the outcome of this litigation consistent with the applicable Rules of Professional Conduct.

24.     Allowing this action to proceed as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy, because: issues common to the Pennsylvania Class members predominate over any questions affecting only individual members; no difficulties are likely to be encountered in the management of this litigation as a class action; and the claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims.

25.     Allowing Plaintiff's PMWA claim to proceed as a class action will be superior to requiring the individual adjudication of each Pennsylvania Class member's claim, because:

requiring hundreds of hourly-paid employees to file and litigate individual wage claims will place an undue burden on the Pennsylvania Class members, Defendant, and the Courts; class action treatment will allow many similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expenses if these claims were brought individually; the damages suffered by each Pennsylvania Class member are relatively small, meaning the expenses and burdens associated with individual litigation would make it prohibitively impractical for them to bring individual claims; and the presentation of separate actions by individual Pennsylvania Class members could create a risk for inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, or substantially impair the ability of the Pennsylvania Class members to protect their interests.

26.     Allowing Plaintiff's claims to proceed as a class action is also appropriate because Pennsylvania wage law expressly permits private, class action lawsuits to recover unpaid wages.

### COUNT I
### FLSA OVERTIME VIOLATION
### (for the FLSA Collective)

27.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

28.     Defendant is an "Employer" as defined by 29 U.S.C. § 203(d).

29.     The wages Defendant paid Plaintiff and the FLSA Collective members are "Wages" as defined by 29 U.S.C. § 203(m).

30.     Defendant is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.     Plaintiff and the FLSA Collective members are "Employees" as defined by 29 U.S.C. § 203(e)(1)

32.   Plaintiff and the FLSA Collective members are similarly situated individuals within the meaning of 29 U.S.C. § 216(b).

33.   29 U.S.C. § 207(a)(1) provides that, with certain exceptions not applicable here, employers must pay their employees an overtime premium rate, equal to at least 1½ times their regular rate of pay, for all hours worked beyond 40 hours per week.

34.   29 U.S.C. § 211(c) expressly requires employers to maintain accurate time records of the work performed by their employees.

35.   29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce their employer's failure to comply with the requirements of the FLSA.

36.   Throughout the relevant period, Defendant has been subject to the requirements of the FLSA, Plaintiff and the FLSA Collective members have been entitled to the rights provided by the FLSA, and Plaintiff and the FLSA Collective members have not been exempt from the FLSA's protection for any reason.

37.   Defendant violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly permitting, requiring, and/or suffering the FLSA Collective members to work more than 40 hours per week in most (if not all) of their workweeks and failing to pay them all overtime premium wages owed for this work.

38.   Defendant violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly failing to maintain accurate time records of the FLSA Collective members' work and providing them with records showing only their scheduled or approved hours and not their actual work time.

39.   Defendant's unlawful conduct has harmed Plaintiff and the FLSA Collective members by depriving them of overtime premium wages mandated by the FLSA.

40.     Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay the FLSA Collective members all wages the FLSA requires.

**COUNT II**
**PMWA OVERTIME VIOLATION**
**(for the Pennsylvania Class)**

41.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

42.     Defendant is an employer required to comply with the PMWA's mandates.

43.     Plaintiff is seeking to recover "wages" as that term is defined by the PMWA.

44.     Plaintiff and the Pennsylvania Class members are employees entitled to the PMWA's protections and, during the relevant period, were not exempt from receiving wages payable under the PMWA or its enabling Regulations for any reason.

45.     PMWA Section 4(c) requires employers to pay their employees overtime compensation of "not less than one and one-half times the employee's regular rate" for all hours worked over 40 in each workweek.  *See* 43 P.S. § 333.104(c).

46.     Under the PMWA, overtime is calculated based on the number of hours worked in a "workweek," defined in controlling regulations as "a period of 7 consecutive days."  *See* 34 Pa. Code § 231.42.

47.     PMWA Section 8 requires employers to "keep a true and accurate record of the hours worked by each employee and the wages paid to each."  *See* 43 P.S. § 333.108.

48.     The PMWA provides that "any agreement between the employer and the worker" is not a defense to a civil action brought to recover wages owed under the Act.

49.     Throughout the relevant period, Defendant has been subject to the requirements of the PMWA, Plaintiff and the Pennsylvania Class members have been entitled to the rights provided

by the PMWA, and Plaintiff and the Pennsylvania Class members have not been exempt from the PMWA's protection for any reason.

50.     Defendant violated the PMWA and acted with reckless disregard of clearly applicable PMWA provisions by knowingly permitting, requiring, and/or suffering the Pennsylvania Class members to work more than 40 hours per week in most (if not all) of their workweeks and failing to pay them all overtime premium wages owed for this work.

51.     Defendant violated the PMWA and acted with reckless disregard of clearly applicable PMWA provisions by knowingly failing to maintain accurate time records of the Pennsylvania Class members' work and providing them with records showing only their scheduled or approved hours and not their actual work time

52.     Defendant's unlawful conduct has harmed Plaintiff and the Pennsylvania Class members by depriving them of overtime premium wages mandated by the PMWA.

53.     Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay the Pennsylvania Class members all wages the PMWA requires.

WHEREFORE, Plaintiff respectfully prays for an Order:

        a.      Conditionally certifying Plaintiff's FLSA overtime wage claim and Granting class certification to Plaintiff's PMWA claim;

        b.      Approving Plaintiff as an adequate PMWA Class representative;

        c.      Appointing Stephan Zouras, LLC as FLSA Collective and PMWA Class Counsel;

        d.      Requiring Defendant to provide Stephan Zouras, LLC with a list of the names, addresses, phone numbers, and e-mail addresses of all FLSA Collective and PMWA Class members;

        e.      Authorizing Stephan Zouras, LLC to issue a notice informing the FLSA Collective of the nature of the action and their right to join;

f.      Authorizing Stephan Zouras, LLC to issue a notice informing the PMWA Class of the nature of the action and their right to opt-out of this lawsuit;

g.      Finding that Defendant willfully violated the FLSA by failing to pay required overtime wages to Plaintiff and the FLSA Collective members;

h.      Finding that Defendant willfully violated the PMWA by failing to pay minimum and overtime wages owed to Plaintiff and the PMWA Class and failing to pay wages owed for all hours worked;

i.      Granting judgment in favor of Plaintiff, the FLSA Collective members, and the PMWA Class on their respective claims;

j.      Awarding Plaintiff, the FLSA Collective members, and the PMWA Class all compensatory damages, liquidated damages, pre-judgment interest, attorney's fees, and costs owed on their respective claims;

k.      Declaring that Defendant willfully violated the FLSA and PMWA, and granting an injunction prohibiting Defendant from continuing to engage in the conduct underlying the claimed violations; and

l.      Awarding any further relief the Court deems just, equitable and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

Dated: January 10, 2025      */s/ James B. Zouras*
                              James B. Zouras (*pro hac vice*)
                              Teresa M. Becvar
                              STEPHAN ZOURAS, LLC
                              222 W. Adams Street, Suite 2020
                              Chicago, IL 60606
                              312-233-1550
                              jzouras@stephanzouras.com
                              tbecvar@stephanzouras.com

                              David J. Cohen (*pro hac vice*)
                              STEPHAN ZOURAS LLC

604 Spruce Street
Philadelphia, PA 19106
215-873-4836
dcohen@stephanzouras.com

*Counsel for Plaintiff*